IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

VINCENT KEITH RAINES
    Petitioner,
v.                                        Case No. 5:24cv5/TKW/MAL

WARDEN F.C.I. MARIANNA
    Respondent.
                                      /

## **ORDER, REPORT AND RECOMMENDATION**

Petitioner Vincent Keith Raines initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 seeking immediate designation under the First Step Act ("FSA") to a residential release center or home confinement. ECF No. 2. The Warden filed an answer stating the petition should be dismissed. ECF No. 11. Raines did not file a reply. After careful consideration of the petition, the Warden's response, and relevant law, the § 2241 petition should be dismissed as moot and for failure to exhaust administrative remedies.

**BACKGROUND**

In May of 2005, Raines was sentenced in the Gainesville Division of this court to a term of 294 months imprisonment followed by 10 years of supervised release. See Case 1:04cr28, ECF No. 52. In his § 2241 petition, dated December 13, 2023, Raines claimed he was entitled to immediate designation to a residential release center or home confinement based on time credits earned under the FSA.

Under the FSA, an eligible inmate who successfully participates in evidence-based recidivism reduction programs or productive activities earns time credits to be applied toward placement in prerelease custody (such as a residential reentry center, commonly known as a halfway house, or home confinement) or toward early release to a term of supervised release. See 18 U.S.C. §§ 3624(g)(1)-(3), 3632(d)(4). According to Raines (and supported by the records attached to his petition), he earned a total of 814 accrued program days. ECF No. 2 at 9, 27. Of that total, 365 days (the maximum allowable)[1] were allotted to move up Raines' release date from November 19, 2025, to November 19, 2024. *Id.* at 9, 22, 27. Raines claimed he had 475 days[2] leftover to apply toward prerelease custody in a halfway house or home confinement. *Id.* at 6, 11-12, 27. The Bureau of Prisons ("BOP") gave Raines a November 11, 2023, recommended placement date for prerelease custody in a halfway house, but he was not sent to a halfway house on that date. *Id.* at 8-9, 25.

On December 13, 2023, Raines filed this petition. He did not exhaust administrative remedies before filing, claiming exhaustion was futile because the date he should have been placed in prerelease custody had already passed. ECF No.

---

[1] One year is the maximum amount of FSA time credits that can be applied toward early release from prison and placement on supervised release. 18 U.S.C. § 3624(g)(3).

[2] It is unclear how the 475 days were calculated. The calculation may include projected future credits as opposed to actual credits earned to date. In any event, Raines' "FSA Time Credit Assessment" contains an entry stating "FTC Towards RRC/HC..: 475," which supports the 475 day figure. ECF No. 2 at 27.

2 at 12, 25. Raines also stated that exhaustion was futile because his case "presents a narrow dispute of statutory construction." ECF No. 2 at 14-15. It is not clear from the petition what the dispute of statutory construction was. Raines' only explanation was "[a]pparently, the FBOP is misinterpreting the Statutes, not complying with their own Rules, and for whatever reason, keeping Raines in prison beyond his release time." *Id.* at 11.

On January 23, 2024, shortly after filing his petition, the BOP transferred Raines to a halfway house. ECF Nos. 11 at 3; 11-1 at 1, *see also* ECF No. 10 (notice of change of address). Currently, the BOP inmate locator[3] reflects Raines is "Not in BOP Custody as of 11/19/2024," meaning that he was released from the BOP and is serving his 10-year term of supervised release.[4]

The Warden answered the petition and identified three grounds for dismissal. ECF No. 11. First, Raines did not exhaust administrative remedies. Second, the court is without authority to review the BOP's designation of a prisoner's place of imprisonment. Third, Raines' transfer to a hallway house on January 23, 2024, rendered his petition moot.

---

[3] See https://www.bop.gov/inmateloc/.

[4] Although Raines did not file a notice of change of address with the court, the probation office confirmed his status on supervised release and provided a current address for him. The clerk will be directed to update Raines' address to: 216 Northeast 45th Street, Gainesville, FL 32641.

## DISCUSSION

### A. The petition is moot.

As an initial matter, it is doubtful the court has authority to review the BOP's designation of Raines' place of imprisonment (which includes placement in prerelease custody).[5] By statute, the BOP's "designation of a place of imprisonment … is not reviewable by any court." § 18 U.S.C. § 3621(b). Arguably, however, some form of judicial review could be available to Raines. *See Sills v. FCI Talladega Warden*, No. 22-12656, 2023 WL 1775725, at *4-5 (11th Cir. 2023) (suggesting BOP placement decisions could be reviewed for flagrant and unauthorized action, similar to parole proceedings).

In any event, all the relief Raines sought in his petition was granted to him when the BOP transferred him to a halfway house on January 23, 2024. That relief makes this case moot because "there is nothing left for [the court] to remedy." *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002) (quoting *Spencer v. Kemna*, 523 U.S. 1, 18 (1998)); *see also, Singleton v. Neely*, No. 7:22-cv-844, 2023 WL 9550049 (N.D. Ala. Dec. 21, 2023) (finding moot a petition requesting

---

[5] "The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term" in some form of prerelease custody, such as a halfway house or home confinement. 18 U.S.C.§ 3624(c)(1). This statute by its terms, however, cannot be "construed to limit or restrict the authority of the Director of the Bureau Prisons under section 3621 [to designate a place of imprisonment]." 18 U.S.C. § 3624(c)(4).

immediate transfer to RRC or home confinement because the petitioner had already received the relief sought), report and recommendation adopted, 2024 WL 476949 (N.D. Ala. Feb. 7, 2024).

At this point, a court order directing the BOP to send Raines to a halfway house would have no effect, as the BOP already sent him to a halfway house (and has since released him from custody). There is no meaningful relief that can be granted to Raines on his petition.[6] Accordingly, I recommend that the petition be dismissed as moot.

### B. Raines did not exhaust administrative remedies.

If Raines' petition is not dismissed as moot, I recommend that the petition be dismissed for failure to exhaust administrative remedies.

Prisoners are required to exhaust their administrative remedies before filing a § 2241 petition. *Santiago-Lugo v. Warden*, 785 F.3d 467, 471, 474-75 (11th Cir. 2015). Failure to exhaust is not a jurisdictional defect; rather, it is a defense that a respondent may assert, or choose to waive. *Id.* The Warden has not waived the

---

[6] It is important to note that Raines received a full one-year sentence reduction under the FSA through application of time credits he earned. The credits at issue in this petition are additional credits for placement in prerelease custody, not reduction of his sentence. Thus, this case is distinguishable from *Shorter v. Warden* where the Eleventh Circuit ruled that a § 2241 petition seeking credit to shorten a **sentence** was not rendered moot upon the petitioner's release because extra time served on the sentence could be used to make an equitable argument to reduce the term of supervised release. *Shorter v. Warden*, 803 F. App'x 332, 334-35 (11th Cir. 2020).

defense in this case.

In his answer, the Warden presented evidence that Raines did not file any formal administrative remedies [7] regarding the award of FSA time credits or designation to either a halfway house or home confinement. ECF No. 11-2. There is no genuine issue as to exhaustion—Raines has not filed a reply contradicting the Warden's answer and he acknowledged in his petition that he did not exhaust administrative remedies. *See Turner v. Burnside,* 541 F.3d 1007, 1082-83 (11th Cir 2008) (discussing two-step analysis for defense of failure to exhaust). Furthermore, Raines' argument that exhaustion would be futile is belied by the relief the BOP afforded to him without the need of a court order.

Because Raines did not properly complete any level of the BOP's administrative remedy process before filing for habeas relief and the Warden has not waived the defense of exhaustion, the petition is subject to dismissal for failure to exhaust administrative remedies.

Accordingly, it is ORDERED:

The clerk is directed to amend the docket to reflect Raines' current address:

---

[7] Raines attached copies of two staff requests to his petition. ECF No. 2 at 28-29. These informal requests are preliminary to the three-tier formal review process. *See* 28 C.F.R. § 542.13 (Generally "an inmate shall first present an issue of concern informally to staff, and shall attempt to informally resolve the issue before the inmate submits a Request for Administrative Remedy."); *see also Kristi v. Eichenlaub,* 386 F. App'x 920, 923 (11th Cir. 2010) (describing administrative remedy procedures).

216 Northeast 45th Street, Gainesville, FL 32641.

And, it is respectfully RECOMMENDED:

1. Raines's petition under 28 U.S.C. § 2241, ECF No. 2, be DISMISSED without prejudice as moot and for failure to exhaust administrative remedies.

2. The clerk be directed to close the case file.

At Gainesville, Florida on December 9, 2024.

s/ *Midori A. Lowry*
Midori A. Lowry
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.